Good morning. May it please the court, my name is Susan Echols. I'm representing appellant Lloyd Grass in this matter. The case you have before you today is an appeal from the District Court, denial of Mr. Grass's petition for rid of habeas corpus. Mr. Grass's petition alleges that he is being improperly confined in the Department of Mental Health because he does not have a mental illness and also the District Court has exceeded the remand order issued by this court in a previous appeal which was issued in 2013. Under the facts of this case, this court should grant the writ under both the contrary to clearly established federal law standard and you can also grant the writ under the unreasonable application of law standard. With regard to the contrary to standard, the facts in Mr. Grass's case are indistinguishable from those in the FOSHA case which is the primary federal authority from the Supreme Court on which we are relying and the District Court as well as the lower state appellate courts and lower state trial courts arrived at a conclusion opposite to the Supreme Court FOSHA decision when ruling on Mr. Grass's case below. On the question of exceeding the remand, didn't the District Court essentially do what we invited in, I think maybe it was footnote two of the opinion? No, I don't think they did, Your Honor. The court in 2013, this court, I think made it very clear that Mr. Grass had previously exhausted his state remedies as far as the unconditional release issue which was the one at issue in this court and that the District Court below erred in not considering the unconditional release issue on the merits as it was originally presented to the court which would preclude consideration of the newer opinion from Warren County Circuit Court on the conditional release remand which was issued in 2010. Well, if we're looking at due process, why wouldn't we look at all the due process that he was given including the subsequent Warren County? I'm very sorry, I didn't hear the first part. If we're looking at due process, why wouldn't we look at all the due process that the state of Missouri gave him including the subsequent Warren County actions? When Mr. Grass first had his conditional and unconditional release motions heard in Warren County back in 2003, don't quote me on that date exactly, the trial court made a finding at that time that he did not have a present mental illness. That finding went up to the Missouri Court of Appeals when both parties cross appealed the decision. The Missouri Court of Appeals did not ever make a finding that Mr. Grass did have a present mental illness nor did they be part of the Warren County trial court finding. We argue that the finding of no present mental illness stood, did not get vacated by the Missouri Court of Appeals and did not get remanded and therefore, that is where the Court of Appeals should have . . . I know that's where you'd like to stop, but why should we? Why wouldn't we go on to consider what occurred in 2010 before the Warren County Court? As this court characterized it in the 2013 opinion, the 2010 proceedings in the second hearing that was collateral, that was additional state court proceedings, this court, parallel state court proceedings and this court made it clear that Mr. Grass has already been through one full round of his state court review on his unconditional release petition, that he'd already exhausted the claims and that he shouldn't have to re-exhaust, he shouldn't have to go through the procedure of exhausting the conditional release claim again after Warren County ruled in 2010. In addition to that, FOSHA makes it very clear in the inquiry, if there's no finding of present mental illness, then the committee needs to be released. In the Missouri Court of Appeals, there was no finding of present mental illness. They did not vacate the trial court finding to that effect and the trial court was not charged with making a new finding on that when the Missouri Court of Appeals remanded some of the issues to the Warren County Court. There was a finding, an undisturbed finding of no present mental illness. That's where the inquiry should have ended. The writ should have been granted the first time around in the district court because of that. We shouldn't consider any subsequent process that was given to him? In the circuit court opinion from 2010 in Warren County, no. It's our position that it should not be considered. How is that a specific denial of due process? By considering that? Well, for the reasons that I just set out already, which is that there was already a finding of no present mental illness, which had not been disturbed by the Court of Appeals and there should be deference given to that. And also because the Warren County Circuit Court, I refer to Warren County too, they went over and beyond what they were supposed to do in the context of the remand from the Court of Appeals. Warren County retried everything when in fact it was only remanded to them for the, I think it was the future dangerousness and future mental illness issue. And perhaps most compelling, FOCIA and then this Court's opinion in Revels make it clear that the inquiry into future mental illness and future possible dangerousness goes well beyond the standard of due process set by FOCIA. And the Warren County Circuit Court did exactly that. They went into that territory. If the Warren County Court found present danger and present mental illness, isn't the future findings just sort of irrelevant? They shouldn't have been reviewing the present mental illness finding to begin with. That wasn't disturbed, it wasn't in front of them. I mean, if as the district court said, they found present mental illness and present dangerousness, aren't the findings with respect to future potential irrelevant under FUCIA and Revels? They're not irrelevant because the court violated the standard set by FOCIA and Revels. It just did more than was necessary. They violated his substantive due process rights by making an inquiry that they were not charged with making. But again, and I can't stress this enough, they were not charged with reviewing the present mental illness issue to begin with. That was an undisturbed judgment that was already in front of the courts and the inquiry should have ended when the habeas petition was first filed. The habeas petition should have been granted at that time because there was not the finding that was required of present mental illness. Is there a constitutional right not to have one's mental condition ever looked at again? In other words, was that first finding bound forever? Bound forever? Or could it never have been changed? In terms of his first habeas proceeding, which was based on that finding, I would say no. That's not to say that if he were to file a subsequent conditional release or a subsequent unconditional release petition, then he'd be evaluated for those petitions at that time and those are the findings. New findings then would be relevant to new petitions. But in terms of the petition that's in front of the court now, that is based on the original finding from the Warren County Circuit Court of no present mental illness, which has not been disturbed. May I grab my water? Of course. And while you're doing that, I'll point out what I should have pointed out at the opening. You were appointed on this case under the Criminal Justice Act. I'm sorry, I'm getting over the phone. You're proceeding here under a Criminal Justice Act appointment, are you not? And we want you to know that we deeply appreciate your willingness to continue in your representation. I'm sorry. We'll give you a minute, Q. Thank you for that, Your Honor. I've actually been representing Mr. Grass since shortly after he filed his original habeas petition in 2008. I work for a public interest law disability rights agency and he saw a representation from us. But I am on this particular appeal proceeding under the Criminal Justice Act. We appreciate that. Thank you very much. So in short, again, the district court should have granted the habeas writ at the outset when it was first in front of them because there was not the requisite finding of present mental illness. The remand, which was ruled on in December 2010, again, I think that exceeded the charge of the original remand order from the Missouri Court of Appeals. The district court, the second time around, Judge Shaw clearly erred in light of this court's 2013 opinion in relying on the Warren County Circuit Court when I believe this court made it clear that Judge Shaw was to re-hear the case on the merits based on the petition as originally presented. So Mr. Grass's due process rights under FOCIA and as also recognized by rebels in this circuit have been violated and also because on remand to the district court, the district court acknowledged that the standard of proof that had been rejected in rebels that was not consistent with FOCIA had been followed but the district court disregarded it apparently feeling that the means justified the ends used to get there. Could you address a bit your argument regarding the implicit finding of mental illness? I think it is insufficient in this case, particularly again since the Court of Appeals never vacated or disturbed the original finding to begin with that there was no present mental illness. In this particular case, Dr. Gowdy in the second Warren County Court proceeding and I've already expressed my feelings on that ruling, Dr. Gowdy said that Mr. Grass's mental illness was in remission. Now I know there are cases that say that a mental illness in remission is still a mental illness. There are other cases that say that a writ could be granted if mental illness is in remission. It's all very fact specific. In Mr. Grass's case, the evidence showed that he has been in the Department of Mental Health almost continuously for 21 years. There was the time when he escaped and then did some time in prison as a result of that but he's been there for approximately 21 years without medication. They've never had to medicate him. They haven't tried to medicate him, much less try to do a forced medication. He's had some alleged verbal abuse but so did Mr. Revels and I think that's understandable when one is confined in the Department of Mental Health. Aside from the escape from custody when he was on conditional release back in 1996, Mr. Grass has really had pretty good behavior and he hasn't been a threat. So are you saying all of that calls then into question whether in this Yes, and that also goes to the reasonableness of the Wharton County Court's finding but in addition when you're looking at somebody's liberty interest, their due process interest, an implicit finding is not enough. You either have present mental illness or you don't and the court needs to make that finding. An implicit finding of mental illness when you're not no specific finding and there's ample evidence in the record saying that he doesn't have mental illness, I don't think that's enough to continue to confine someone in violation of their due process rights. I think I'm running into my rebuttal time so unless there any further questions I'll surrender the podium. Thank you. We'll hear from the state. Mr. Arc, good morning. See if I can get through this without a coughing episode myself. Good morning may it please the court. My name is Stephen Hawk, an assistant attorney general for the state of Missouri. The respondent would respectfully request that the judgment of the United States District Court for the Eastern District of Missouri be affirmed. This habeas case is different than the, I'm going to say the vast majority of habeas cases that this court hears. Most of the cases that arise out of state custody involve people who are convicted of crime who received a sentence and are challenging the due process, the process that led to their conviction and sentence. They're challenging the lawfulness of their trial, they're challenging whether or not they had effective assistance of counsel at the trial or at the appeal. This case is different than those. This is a case not about a person who has been convicted of a crime but a person who has a status and that status is of a person who has been found not guilty by reason of mental disease or defect and that occurred as a result of Mr. Grass's plea to being not guilty by reason of mental disease or defect. When that occurs under the law there is a presumption that this person remains subject to that mental disease or defect and it's dangerous but the person has the opportunity to rebut that presumption through an application for unconditional release. That's what Mr. Grass did in state court. He applied for unconditional release from the Department of Mental Health. Do you agree or disagree with the idea that the state court expanded what they were supposed to look at on remand from the Court of Appeals? No. I disagree with that assessment. On remand from the Court of Appeals, the Court of Appeals charged the trial court with determining whether this individual should receive a conditional release. An unconditional release from the Department of Mental Health is what it says. It's unconditional release whereas maybe the most familiar analogy for conditional release would be like a parole. There would be a structure for a person's release into the community. It might be in the form of a community treatment center, might be in the form of specific programs, or might be a requirement of specific types of employment. Those conditions will be tailored to the person that's being released. When the Court of Appeals remanded the cause to the circuit court for a determination of whether this person should receive a conditional release, that fully authorized the Warren County Circuit Court to determine whether or not this person had a mental disease or defect and whether or not this person was dangerous because those are certainly relevant characteristics in receiving a conditional release. What's our standard of review on the district court's finding of an implicit finding of current mental illness and current dangerousness? There are . . . I'm sorry. I didn't mean that . . . Really, from my perspective, there are two findings by the district court here that are worth considering. The first finding is the district court gave deference to the state court's findings of mental disease and defect and finding of dangerousness. That is reviewed through the lens that Congress provides in Section 2254D. Those findings should not be overturned unless they are contrary to or an unreasonable application of federal law or they should be overturned only if it is an unreasonable finding of fact. There's a second finding, I think, by the district court where the district court independently found, without reference to statutory deference, that this person has a mental disease or defect and that this person is dangerous. That secondary finding, again, I believe would be a finding of fact that should be reviewed for clear error. I think there are two relevant findings by the district court there, and there are two different forms of appellate review, one under 2254D, the other under the standard of clearly erroneous, just like any other district court fact finding. It sounds to me like you're saying that the district court here found that the Warren County Court implicitly found dangerousness and mental illness and then went on to make its own finding? Is that what you're saying? Yes. Okay. Yes. That's my reading of the district court's opinions that there's two separate . . . whether you want to call them findings or two separate legal conclusions about that, two different branches that the . . . I didn't see the latter one, but I may have missed that. In my opinion, it's towards the tail end of the district court opinion. That's okay. I can look at it later. Under star 10, there's one paragraph, and it says, based on the record before it, the court finds there is evidence in the record demonstrating both that petitioner has a current mental illness and that he is dangerous without monitoring. I construe that language as being an independent finding by the district court that is completely separate from the 2254-D analysis. Now, Judge Kelley, you asked about the difference between explicit and implicit findings of a state court. About forty years ago in a case called Delrose, the U.S. Supreme Court was faced with the question of whether or not a presumption of correctness should apply to only explicit findings as compared to implicit findings. The Supreme Court rejected that distinction. The Supreme Court said that all state court fact findings, implicit or explicit, should receive a statutory presumption of correctness. Do you think it's different when we're in the context of a due process claim? The Supreme Court drew no distinction on that. A fact finding is a fact finding. Now, what I would add to that comment is that the Delrose case involved old section 2254-D, the version of 2254-D that was in effect before 1996. Before 1996, there was de novo review of law and deference given the fact findings. In 1996, Congress changed the statute to give deference to both findings of fact and conclusions of law. So Delrose was under the previous version of the presumption of correctness. The current version of the fact finding presumption of correctness you'll find in 2254-E. When you look at the statutory language in 2254-E, there is no distinction given between implicit or explicit state court fact findings. So there's nothing in the statutory language that, in my opinion, limits Delrose as being proper law today. Probably the easiest place to see implicit fact findings is when a trial judge is making a finding about whether a veneer person is biased or not biased. The judge will not say, this person is biased, this person is not biased. What the judge will say is, this veneer person is excused from service on the jury. That is an implicit finding that a correctness applies in that situation. There are two or three cases out of the US Supreme Court on the topic of biased jurors that look at it that way. But I digress. Concerning your question about the scope, the district court's scope of review after remand by this court, I concur with the question, gave the district court the discretion to look at the Warren County Circuit Court's judgment and make the determination of what significance, if any, that judgment should have. The footnote says that the significance of it is a question best left for the district court to decide in the first instance. There's not a direction to consider it. There's not direction not to consider it. The district court received a license to consider it and evaluate its legal significance. Even if you think that the district court did not have the authority to look at the Warren County fact-finding, it did have the authority to look at the record from the hearing that was in front of the circuit court where there was certainly sufficient evidence that Mr. Grass has a current mental disease or defect and is currently dangerous. So the case is about this individual's status. The petitioner's did not have a mental disease or defect and he was not dangerous in the mid-2000s, 2004, 2005, 2006, because that was the findings of the state court at that time. But since we're dealing about status, status is one of those things that can change. A person can have good mental health one day, can have good physical health one day, can have bad physical health the next day. A status can change and what I think even if you accept the petitioner's argument that he did not have a mental disease or defect in the year 2004, 2005, 2006, what we do know is that he has one today or at least the finding, the most fresh finding is that he has a mental disease or defect today and that is the basis of the of the question before the court is what is his status, current status, and the freshest findings indicate that he does have a mental disease or defect and that he is dangerous. The evidence supporting the findings by both the in the respondents brief, there is support in the record for those findings by Dr. Gowdy who had evaluated Mr. Grass for more than 15, almost 20 years and found that he does continue to have a mental disease or defect. How recently had that particular doctor seen Mr. Grass? It seemed that there were some other doctors that had more recent contact with him. There was a treating psychiatrist that would have seen him, I won't say daily, but regularly during the December 2009 and that doctor testified at that hearing. As I recall Dr. Gowdy's testimony, he had interviewed Mr. Grass at least once and maybe three or four times during the month before the December, well that would be the during the month of Yes, yes. So it's not, just so we're clear, Dr. Gowdy was not testifying about what he observed in the early 1990s in relation to the offense. He testified about that. He also testified about his current observation of Mr. Grass and made comparisons about those observations. So it's fairly thorough as a psychiatric testimony goes, it's fairly, or a psychologist testimony goes, it's a fairly thorough comparison of this individual. Thank you. Thank you very much. May I proceed? You may proceed. This case is not about Mr. Grass' status only. It's about whether or not he is being legally confined in the Missouri Department of Mental Health and he is not being legally confined there because the original basis for his commitment no longer existed at the time he filed the habeas petition, which is on appeal to this court today. And again, we disagree that the remand order to Warren County was for a full review of all conditional release conditions. It was very clear from the Court of Appeals order and the District Court's, the First District Court's analysis of that order, that it was the issue of future dangerousness that was sent back to the Warren County Circuit Court. Deference to state court findings is something that comes up, of course, constantly in habeas law. And again, we have the original state court finding from Warren County the first time around, which was no present mental illness. That finding has not been disturbed by the Circuit Court. The District Court acknowledged that. And that is the finding which I believe this court needs to give deference. With regard to the analogy about excusing jurors, I don't think that that applies here. I don't think that doesn't reach the level of substantive due process that's at issue in this case, because we're talking about a liberty interest here. Serving on a jury is a person's constitutional right, and being excused for a jury for cause is something that can be challenged on appeal. But in terms of an implicit versus an explicit finding, I still submit that when you are talking about a person's liberty interest in continued confinement, implicit findings are not enough. Explicit findings and reasons therefore, I believe, are what is required in order to satisfy the due process considerations of FOCIA and related cases. Mr. Court, any further questions? Apparently not. Very good. Thank you very much. We thank both sides for the argument. The case is submitted and we will take it under consideration.